UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BELDOCK, et al.,<br><br>              Plaintiffs,<br>   v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>              Defendants. | CASE NO. C22-1082JLR<br><br>ORDER |

Before the court are two motions for leave to file *amici curiae* briefs in support of Defendants Microsoft Corporation, the Board of Trustees of Microsoft Corporation, the 401(k) Administrative Committee of the Microsoft Corporation Savings Plus 401(k) Plan, and Does Nos. 1-20's (collectively, "Defendants") motion to dismiss (*see* MTD (Dkt. # 27)) filed by (1) a group comprised of American Benefits Council, ERISA Industry Committee, American Retirement Association, and Committee on Investment of Employee Benefit Assets, Inc. (collectively, "ABC") (*see* ABC Mot. (Dkt. # 31)), and

ORDER - 1

(2) the Chamber of Commerce of the United States of America (the "Chamber") (*see* Chamber Mot. (Dkt. # 39); Chamber Reply (Dkt. # 48)).  Plaintiffs Justin Beldock, Gordon Broward, and Shaadi Nezami (collectively, "Plaintiffs") oppose both motions. (*See* Resp. to ABC Mot. (Dkt, # 43); Resp. to Chamber Mot. (Dkt. # 47).)  Defendants do not oppose either motion.  (*See* Dkt.)  The court has reviewed the parties' submissions, the relevant portions of the record, and applicable law.  Being fully advised, the court GRANTS ABC's and the Chamber's motions to file *amicus* briefs in support of Defendants' motion to dismiss.

      District courts may consider *amicus* briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Macareno v. Thomas*, 378 F.Supp.3d 933, 940 (W.D. Wash. 2019) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1067 (N.D. Cal. 2005)) (internal quotation marks omitted). The court has "broad discretion" to appoint *amici curiae*.  *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

      The court finds that ABC and the Chamber each have unique perspectives that may help the court decide the legal questions at issue in Defendants' motion to dismiss. *See Macareno*, 378 F.Supp.3d at 940.  Accordingly, the court GRANTS ABC's motion to file an *amicus* brief in support of Defendants' motion to dismiss (Dkt. # 31) and

//

GRANTS the Chamber's motion to file an *amicus* brief in support of Defendants' motion to dismiss (Dkt. # 39)[1].

Dated this 9th day of December, 2022.

JAMES L. ROBART
United States District Judge

---

[1] The Chamber's motion is labeled as a "motion for leave to participate as *amicus curiae*." (*See* Chamber Mot. at 1.)  The court only permits the Chamber to file its proposed *amicus curiae* brief in support of Defendants' motion to dismiss. (*See id.*, Ex. A.)  The Chamber is not permitted to otherwise "participate" in this litigation without explicit leave of the court.

ORDER - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

ORDER - 4