UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BELDOCK, et al.,<br><br>                    Plaintiffs,<br>        v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>                    Defendants. | CASE NO. C22-1082JLR<br><br>ORDER GRANTING MOTION TO DISMISS |

## I.   INTRODUCTION

Before the court is the motion to dismiss Plaintiffs' amended complaint filed by Defendants Microsoft Corporation ("Microsoft"), the Board of Trustees of Microsoft Corporation, and the 401(k) Administrative Committee of the Microsoft Corporation Savings Plus 401(k) Plan (collectively, "Defendants"). (Mot. (Dkt. # 61); Reply (Dkt.

//

//

ORDER - 1

# 69).) Plaintiffs Gordon Broward and Shaadi Nezami (collectively, "Plaintiffs"[1]), who bring this action on behalf of themselves, the Microsoft Corporation Savings Plus 401(k) Plan (the "Plan"), and a proposed class, oppose the motion. (Resp. (Dkt. # 68).) The court has considered the motion, all materials submitted in support of and in opposition to the motion, and the governing law. Being fully advised,[2] the court GRANTS Defendants' motion to dismiss and DISMISSES Plaintiffs' amended complaint with prejudice and without leave to amend.

## II. BACKGROUND

The court set forth the factual and procedural background of this case in detail in its February 7, 2023 order granting Defendants' motion to dismiss Plaintiffs' original complaint and dismissing Plaintiffs' claims with leave to amend. (2/7/23 Order at 2-7.) Accordingly, the court focuses here on the new and amended allegations in Plaintiffs' amended complaint.

In its February 7, 2023 order, the court concluded that Plaintiffs had not stated a claim against Defendants for breach of the fiduciary duty of prudence under the Employee Retirement Income Security Act of 1974 ("ERISA"). (2/7/23 Order at 14-18.) Relying on precedent from multiple circuits, the court reasoned that Plaintiffs had based

---

[1] The court previously dismissed former Plaintiff Justin Beldock's claims for lack of standing. (2/7/23 Order (Dkt. # 57) at 9-11.) Plaintiffs have not reasserted claims on behalf of Mr. Beldock in their amended complaint. (Am. Compl. (Dkt # 58); *see also* Redlined Am. Compl. (Dkt. # 65) (reflecting changes between Plaintiffs' original complaint and their amended complaint).)

[2] Defendants and Plaintiffs both request oral argument. (Mot. at 1; Resp. at 1.) The court, however, concludes that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

their claims only on allegations that the BlackRock LifePath Index Funds at issue in this case (the "BlackRock TDFs") underperformed when compared to other target date funds and had alleged nothing that would "tend to exclude the possibility" that Defendants had reasons consistent with their fiduciary duties to retain the BlackRock TDFs as an investment option in the Plan. (*Id.* (first quoting *White v. Chevron*, 752 F. App'x 453, 455 (9th Cir. 2018); then quoting *Smith v. CommonSpirit Health*, 37 F.4th 1160, 1166 (6th Cir. 2022); and then quoting *Meiners v. Wells Fargo & Co*, 898 F.3d 820, 823 (8th Cir. 2018)).) The court also concluded that (1) Mr. Beldock lacked standing to pursue his claims because he failed to allege that he suffered an injury due to Defendants' alleged conduct; (2) Mr. Broward and Mr. Nezami lacked standing to pursue claims for prospective injunctive relief because they were both former Plan participants and would not benefit from prospective relief; and (3) Plaintiffs failed to plausibly allege their claims for breach of ERISA's fiduciary duty of loyalty, failure to monitor, co-fiduciary breaches, and knowing breaches of trust because all of these claims depended on Plaintiffs' allegations regarding Defendants' breach of fiduciary duty. (*See id.* at 9-13, 18-19.)

Plaintiffs now assert that the amended complaint cures the deficiencies the court identified in its prior order by including allegations regarding "further plausible comparators and quantitative metrics that would have provided real-time signals to Defendants of the need to investigate and replace Plan investments." (Resp. at 2.[3]) First,

---

[3] The court notes that Plaintiffs have not amended their allegations to assert injuries suffered by Mr. Broward or Mr. Nezami that would be redressed by prospective injunctive relief.

Plaintiffs have added comparisons of the BlackRock TDFs against the S&P Target Date Indices. (Resp. at 17-19; Am. Compl. ¶¶ 45-47, 49-51.) Plaintiffs describe the S&P Target Date Indices as "a composite of the disparate strategies and styles present in the broad universe of investable alternative TDFs" and assert that they "represent an appropriate, meaningful benchmark comparator for the BlackRock TDFs." (Am. Compl. ¶ 46.) Consistent with this assertion, Plaintiffs now include a metric showing the BlackRock TDFs' performance relative to the S&P Target Date Indices in three- and five-year performance charts for each quarter between the second quarter of 2016 and the third quarter of 2019, along with the performance of the BlackRock TDF, the best performing Comparator TDF,[4] and the worst performing Comparator TDF. (*Id.* ¶¶ 49-51.[5])

Plaintiffs also add a new metric—the Sharpe ratio—to illustrate the BlackRock TDFs' risk-adjusted returns relative to the Comparator TDFs. (*Id.* ¶ 48.) Plaintiffs allege that the Sharpe ratio, which is "commonly prescribed as a component of a fiduciary investment monitoring process by retirement plan investment policy statements,"

---

(*See* Redlined Am. Compl. ¶¶ 9-10 (describing Mr. Broward and Mr. Nezami's investments in the Plan), 18 (explaining why Plaintiffs have standing).) Instead, they ask the court to reconsider its dismissal of their prospective relief claims. (Resp. at 24 n.7.) The court declines Plaintiffs' invitation to reconsider its prior order.

[4] Plaintiffs' Comparator TDFs are four of the top-six largest target date fund suites. (Am. Compl. ¶¶ 40-41.)

[5] Plaintiffs' original complaint also included three- and five-year returns through the second quarter of 2022. (Compl. (Dkt. # 1) at 16-24; *see* Redlined Am. Compl. ¶¶ 49-50.) As the court noted in its February 7, 2023 order, the BlackRock TDFs' performance began to improve by 2021 and later vintages were among the best-performing of the TDF suites by 2022. (2/7/23 Order at 6 (citing Compl. at 23-24).)

accounts for differing levels of risk by measuring the performance of an investment, such as a TDF, compared to the performance of similar investments, after adjusting for risk. More specifically, the Sharpe ratio represents the additional amount of return that an investor receives per unit increase of risk.

(*Id.* ¶ 48.) It "is computed by comparing a fund manager's outperformance of the risk-free rate to the standard deviation of the manager's performance." (*Id.*) According to Plaintiffs, the Sharpe ratio "enables the comparison of suites with disparate equity and fixed income allocations as well as both 'to' and 'through' management styles (each resulting in varying levels of risk) by controlling for those differences." (*Id.*) Plaintiffs include in their amended complaint the BlackRock TDFs' three and five-year Sharpe ratio ranking among the Comparator TDFs for each quarter between the second quarter of 2016 and the third quarter of 2019. (*Id.* ¶¶ 49-51.)

According to Plaintiffs, the metrics they present in their amended complaint were easily accessible to Defendants and "would have been sufficient to convince a fiduciary following a prudent process to investigate alternatives and ultimately replace the BlackRock TDFs." (*Id.* ¶ 49; *see also id.* ¶¶ 50-58 (including additional charts and tables).) They allege that Defendants instead "failed to appropriately scrutinize the BlackRock TDFs against any of the many superior TDFs available in the market, or the broader TDF market as a whole." (*Id.* ¶ 59.) As a result, according to Plaintiffs, Defendants breached their fiduciary duties and caused Plan participants substantial losses. (*Id.*)

//

//

## III.   ANALYSIS

Below, the court sets forth the standard of review, then evaluates Defendants' motion to dismiss Plaintiffs' amended complaint.

**A.   Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under this standard, the court construes the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Somers v. Apple, Inc.*, 729 F.3d 953, 965 (9th Cir. 2013) (stating that the allegations must "rise beyond mere conceivability or possibility" to meet the plausibility standard). The court is not required to accept as true legal conclusions or "formulaic recitation[s] of the legal elements of a cause of action." *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012).

//
//

## B. Breach of the Fiduciary Duty of Prudence

Defendants ask the court to dismiss Plaintiffs' claim for breach of ERISA's fiduciary duty of prudence, 29 U.S.C. § 1104(a)(1)(B), because, in relevant part, Plaintiffs' amended complaint again merely alleges that the BlackRock TDFs underperformed against various measures and thus fails to give rise to a plausible inference that Defendants breached their fiduciary duties by selecting the BlackRock TDFs, failing to monitor them, and retaining them in the Plan. (Mot. at 8-14.)

The court agrees that Plaintiffs' amendments, which add the new Sharpe ratio metric and compare the performance of the BlackRock TDFs with the S&P Target Date Indices, do not save Plaintiffs' claim for breach of the fiduciary duty of prudence. Rather, the Sharpe ratio metric and comparisons to the S&P Target Date Indices are "merely additional measurements of investment performance" beyond those Plaintiffs included in their original complaint. *Hall v. Capital One Fin, Corp.*, No. 1:22-cv-00857-MSN-JFA, 2023 WL 2333304, at *6 (E.D. Va. Mar. 1, 2023) (evaluating similar amendments involving the same claims against a retirement plan that offered the BlackRock TDFs and dismissing the plaintiffs' breach of fiduciary duty claim).[6] As the court noted in its prior order, courts across the country have rejected claims for breach of the fiduciary duty of prudence under ERISA where the plaintiffs allege nothing more than underperformance relative to other investment vehicles. (*See* 2/7/23 Order at

---

[6] *Hall* was brought by the same plaintiffs' attorneys and alleges the same claims as this case. *See id*. at *2 n.2 (listing eleven cases brought by Plaintiffs' counsel "alleging the same claims against other large-employer-sponsored retirement plans offering the BlackRock TDFs.").

14-18); *see Smith*, 37 F.4th at 1160 (a claim of imprudence cannot "come down to simply pointing to a fund with better performance"); *Forman v. TriHealth, Inc.*, 40 F.4th 443, 448-49 (6th Cir. 2022 ) (same); *Meiners*, 898 F.3d at 823 ("No authority requires a fiduciary to pick the best performing fund"); *White*, 752 F. App'x at 455 (allegations were insufficient because they "showed only that [the defendant] could have chosen different vehicles of investment that performed better during the relevant period"); *Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718 (2d Cir. 2013) (allegation that "better investment opportunities were available at the time of the relevant decisions" was insufficient to plausibly allege breach of fiduciary duties). Plaintiffs' allegations, which again are based solely on the BlackRock TDFs' alleged poor performance during a brief timeframe, are insufficient, without more, to raise Plaintiffs' claim above the level of speculation and into plausibility. Accordingly, the court again DISMISSES Plaintiffs' claim for breach of the fiduciary duty of prudence under ERISA.[7]

**C.  Secondary Claims**

Defendants again seek the dismissal of Plaintiffs' claims for breach of the fiduciary duty of loyalty under 29 U.S.C. § 1104(a)(1)(A), failure to monitor, co-fiduciary breaches, and knowing breaches of trust. (Mot. at 20; Reply at 11.) Plaintiffs have not included any additional allegations in their amended complaint that

---

[7] As it did in its prior order, the court concludes that it need not consider whether Plaintiffs' proposed comparators are meaningful benchmarks against which to measure the BlackRock TDFs' performance where Plaintiffs' breach of fiduciary claim is based solely on alleged underperformance. (*See* 2/7/23 Order at 16.)

1 "raise a plausible inference that Defendants engaged in self-dealing, took actions for the
2 purpose of benefitting themselves or a third party at the expense of Plan participants, or
3 acted under an actual or perceived conflict of interest in administering the Plan" as
4 required to state a claim for breach of ERISA's fiduciary duty of loyalty.  (2/7/23 Order
5 at 18-19 (citing cases); *see generally* Redlined Am. Compl.)  And, as the court noted in
6 its February 7, 2023 order, Plaintiffs agreed at oral argument on January 30, 2023, that if
7 the court dismissed their claims for breach of the duties of prudence and loyalty, it need
8 not reach their claims for failure to monitor, co-fiduciary breaches, or knowing breaches
9 of trust.  (*See* 2/7/23 Order at 19.)  Plaintiffs have not disavowed this statement, and
10 although they contend that their secondary claims should survive dismissal, their
11 argument assumes that they have sufficiently pleaded their claim for breach of the
12 fiduciary duty of prudence.  (Resp. at 24 (tying Plaintiffs' secondary claims to their
13 allegations regarding breach of the fiduciary duty of prudence).)  Because the court has
14 again granted Defendants' motion to dismiss Plaintiffs' claim for breach of the fiduciary
15 duty of prudence, the court also GRANTS Defendants' motion to dismiss Plaintiffs'
16 secondary claims for breach of the fiduciary duty of loyalty, failure to monitor,
17 co-fiduciary breaches, and knowing breaches of trust.

**D.     Leave to Amend**

19         Whether to grant leave to amend is generally within the discretion of the district
20 court.  *In re Daisy Sys. Corp.*, 97 F.3d 1171, 1175 (9th Cir. 1996).  This discretion is
21 particularly broad where the plaintiff has previously filed an amended complaint.
22 *Sisseton–Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Here,

Plaintiffs, who are represented by experienced counsel, have had two opportunities to sufficiently plead their claims but have failed to do so. Therefore, the court DENIES Plaintiffs leave to further amend their complaint.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss Plaintiffs' amended complaint (Dkt. # 58) and DISMISSES Plaintiffs' amended complaint with prejudice and without leave to amend.

Dated this 24th day of April, 2023.

JAMES L. ROBART
United States District Judge